Van Voorhis, J.
(dissenting). This case involves again the construction of section 335-a of the Code of Criminal Procedure. We are holding it not to be reversible error to omit to comply with this section where a defendant pleads not guilty, if he is represented by an attorney.
*574 In Matter of Hubbell v. Macduff (2 N Y 2d 563), decided at the same time, it is said concerning the 1953 amendment (L. 1953, ch. 288) to section 335-a of the Code of Criminal Procedure, that “ after July 1, 1953, its effective date, the magistrate came under the necessity of giving a simple uniform warning, in the language prescribed by the statute, in every case of motor vehicle violation, whether or not a revocation or suspension might be based upon it. As a result of the amendment, therefore, administration of the traffic laws is assured a certainty and a predictability previously absent. The magistrate, no longer required to speculate as to the consequences of a conviction in the case before him, must give the prescribed warning in every case and, it should be added, whether the defendant pleads guilty or stands trial.”
In the majority opinion on this appeal it is stated: “We agree with the Appellate Division insofar as it ruled that the requirement of section 335-a is not waived by the entry of a plea of not guilty. ’ ’
It is thus settled that section 335-a must be read to a defendant regardless of whether he pleads guilty or not guilty. The rule has also been announced that section 335-a must be read to a defendant regardless of whether he is represented by an attorney (People v. Duell, 1 N Y 2d 132). But we now decline to reverse where both of these factors — each insufficient in itself to sustain a conviction — are found in combination. The object of the Legislature was evidently to impress upon the attention of an automobile operator, beyond possibility of mistake, that a conviction may involve or will involve the loss of his license to drive an automobile. An automobile operator must receive the statutory warning even where he pleads not guilty and stands trial, lest he interpose merely a perfunctory defense without realizing the gravity of the situation with which he is confronted. We have said that it makes no difference if he is represented by a lawyer if he pleads guilty (People v. Duell, supra), but now hold that it makes a decisive difference if he is represented by a lawyer and pleads not guilty. I find no warrant for such a distinction in the statute. The Legislature has made no exception in cases where the defendant is represented by attorney, whether he pleads guilty or not guilty. If omission to read section 335-a to a defendant is prejudicial error in the one instance, it is prejudicial error in the other. *575 Such a distinction should not be read into this simple and imperative legislative enactment. I vote to affirm.
Desmond, Dye, Fuld, Froessel and Burke, JJ., concur with Conway, Ch. J.; Van Voorhis, J., dissents in an opinion.
Order reversed, etc.